Maria Isabel RAMIREZ–ALDANA,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–73534.
Agency No. A75–733–055.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Raul E. Godinez, Law Office of Raul E. Godinez, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Maria Isabel Ramirez–Aldana is a native and citizen of Colombia. She petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We lack jurisdiction to review the BIA's finding that Ramirez–Aldana is ineligible for asylum because her application was not filed within a year of her last arrival to the United States. See 8 U.S.C. § 1158(a)(3); Molina–Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir.2002).

We have jurisdiction to review the remainder of the BIA's decision pursuant to 8 U.S.C. § 1252. We review for substantial evidence, INS v. Elias–Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition for review. We conclude that substantial evidence supports the BIA's conclusion that a guerrilla group's extortion efforts did not constitute persecution on account of Ramirez–Aldana's political opinion. See Elias–Zacarias, 502 U.S. at 483–84, 112 S.Ct. 812 (holding

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that petitioner is required to show that guerrillas persecuted him "because of" his political opinion).  Accordingly, substantial evidence supports the BIA's finding that Ramirez–Aldana is ineligible for withholding of removal. *See Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir.2001).

Substantial evidence supports the BIA's finding that Ramirez–Aldana is ineligible for relief under CAT. *See Singh v. Ashcroft,* 351 F.3d 435, 442–43 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), and *Salvador–Calleros v. Ashcroft,* 389 F.3d 959 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure.  Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.