DOMINGO Salvador Nicolas Domingo;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–72733.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Kaaren L. Barr, Esq., Attorney at Law, Seattle, WA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., Thomas Fatouros, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Domingo Salvador Nicolas Domingo and his wife, Candelaria Mateo Pablo–Nolasco,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal from an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the BIA's denial of an application for asylum on the ground that the alien has not established eligibility. *See Meza–Manay v. INS*, 139 F.3d 759, 762 (9th Cir.1998). We deny the petition for review.

■ Substantial evidence supports the BIA's finding that the threatening letters Nicolas Domingo received from guerrillas were not motivated by any of the five protected grounds. Rather, they were an attempt at recruitment and therefore do not compel a finding of past persecution or a well-founded fear of persecution on account of political opinion. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir. 2000) (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)) (stating that attempts to forcibly recruit are insufficient to compel a finding of persecution on account of political belief where there is no evidence of discriminatory purpose).

■ Petitioners' contention that they demonstrated a pattern or practice of persecution of indigenous Guatemalans under 8 C.F.R. § 208.13(b)(2) was not presented to the BIA. We therefore decline to address it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (stating that exhaustion is mandatory and jurisdictional).

Because petitioners failed to establish eligibility for asylum, it follows that they failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo*, 224 F.3d at 1150.

■ Petitioners are not entitled to relief under the Convention Against Torture because they did not demonstrate that it was more likely than not that they would be tortured if they returned to Guatemala. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), and *Salvador–Calleros v. Ashcroft*, 389 F.3d 959, 2004 WL 2660604 (9th Cir. Nov.16, 2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**