Ezequiel Diaz VILLAVICENCIO, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72513.

Agency No. A79–533–319.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Ezequiel Diaz Villavicencio, Santa Ana, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Nancy E. Friedman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Ezequiel Diaz Villavicencio petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's denial of his application for cancellation of removal. We have partial jurisdiction pursuant to 8

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S.C. § 1252. We dismiss the petition for review in part and deny it in part.

As the BIA has denied Diaz's motions to reopen and reconsider, his request for the petition to be held in abeyance while the BIA deliberates is moot.

Diaz contends that his counsel was ineffective at the removal hearing. When this petition for review was filed, however, Diaz had not exhausted his administrative remedies with respect to that claim. We therefore lack jurisdiction to review it at this time. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is mandatory and jurisdictional); *see also Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000).

Diaz's constitutional claims based on substantive due process and equal protection are unavailing. *See Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003); *Taniguchi v. Schultz*, 303 F.3d 950, 957 (9th Cir.2002).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), and *Salvador–Calleros v. Ashcroft*, 389 F.3d 959 (9th Cir.2004), Diaz's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc*, as of the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.