Martha Leticia **SALVADOR-CALLEROS**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–71727.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2004.*

Filed Nov. 23, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Andrew J. Vazquez, Attorney at Law, Pasadena, CA, for the petitioner.

Francesco Isgro, U.S. Department of Justice, Civil Division, Washington, DC, for the respondent.

Before: B. FLETCHER, LEAVY, and WARDLAW, Circuit Judges.

Opinion by Judge BETTY B. FLETCHER; Partial Concurrence and Partial Dissent by Judge LEAVY.

BETTY B. FLETCHER, Circuit Judge.

Martha Salvador–Calleros petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an appeal from an Immigration Judge's ("IJ") denial of her application for cancellation of removal. Salvador–Calleros challenges the IJ's discretionary hardship determination and the BIA's decision to streamline her appeal. Salvador–Calleros also challenges the constitutionality of the hardship standard applied by the IJ and the constitutionality of the BIA's streamlining regulations. Finally, Salvador–Calleros moves for a stay of removal and voluntary departure pending disposition of her petition for review.

Because we lack jurisdiction to review either the IJ's discretionary hardship determination or the BIA's application of its streamlining regulations to an appeal in which the discretionary hardship determination is the only factor in dispute, we dismiss in part the petition for review. Because we conclude that the hardship standard applied by the IJ falls within the broad range authorized by statute, and we find that Salvador–Calleros' constitutional challenge to the streamlining regulations is foreclosed by this court's precedent, we deny the balance of the petition for review. However, we hold that both the motion for stay of removal and the motion for stay of voluntary departure encompassed within it are timely filed.

## I. Factual and Procedural History

Martha Salvador–Calleros, a native and citizen of Mexico, entered the United States unlawfully in 1986, when she was thirteen. She has remained here since that time. She has two U.S. citizen children for whom English is their first language. Salvador–Calleros was placed in removal proceedings on June 1, 1998. Salvador–Calleros testified that she would take her children with her to Mexico if denied relief. She also testified that they would suffer hardship because they do not speak Spanish proficiently, they would be separated from close relatives remaining in the United States, and she would have difficulty finding a job to support them.

The IJ ordered Salvador–Calleros removed to Mexico. Although the IJ found that Salvador–Calleros had established the ten-year physical presence and good moral character requirements for cancellation of removal, the IJ denied her application for cancellation of removal after finding that Salvador–Calleros failed to establish extreme and unusual hardship to a qualifying relative.[1] However, the IJ granted her a period of voluntary departure in lieu of removal.

Salvador–Calleros filed a timely appeal to the BIA. In its May 16, 2002 order, the BIA summarily affirmed the IJ's decision without opinion and renewed in its order Salvador–Calleros' voluntary departure period for thirty days. The thirtieth calen-

---

1. "The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRI-RA") provides two forms of cancellation of removal: cancellation for aliens who are legal permanent residents, and cancellation for aliens who are not." *Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 n. 1 (9th Cir.2003) (citing *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1141 n. 2 (9th Cir.2002)). Because Salvador–Calleros is not a legal permanent resident alien, she is not eligible for relief under 8 U.S.C. § 1229b(a) and must therefore satisfy the more stringent statutory requirements set forth in 8 U.S.C. § 1229b(b). *See Montero–Martinez,* 277 F.3d at 1140.

dar day of Salvador–Calleros' voluntary departure period fell on June 15, 2002, a Saturday. Salvador–Calleros timely filed both her petition for review and motion for a stay of removal on Monday, June 17, 2002, and this court granted Salvador–Calleros a temporary stay of removal. On July 23, 2002, the government filed a notice of non-opposition to Salvador–Calleros' motion to stay removal, and on August 22, 2002, pursuant to General Order 6.4(c), we extended Salvador–Calleros' stay of removal pending review. Because the thirtieth calendar day of the voluntary departure period granted by the BIA fell on a Saturday while the timely motion for stay of removal was filed on the following Monday, we ordered supplemental briefing on the issue of whether a timely stay of voluntary departure was encompassed within the stay of removal.

## II. Jurisdiction

■ IIRIRA limits this court's jurisdiction to review certain final orders of the BIA.[2] While we retain jurisdiction to review "purely legal and hence non-discretionary question[s]," *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002), "[b]ecause the BIA ... is vested with the discretion to determine whether an alien has demonstrated the requisite hardship, we are without jurisdiction to review the BIA's hardship determinations under IIRIRA." *Romero–Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir.2003).

Because we lack jurisdiction to review the IJ's discretionary determination that Salvador–Calleros failed to demonstrate the requisite hardship for cancellation of removal, we dismiss that claim.

■ We also lack jurisdiction to review BIA decisions to streamline appeals where the only issue on appeal is the discretionary hardship determination. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003). *Cf. Chong Shin Chen v. Ashcroft*, 378 F.3d 1081, 1087–88 (9th Cir. 2004) (finding jurisdiction to review non-discretionary decisions to streamline). Because the discretionary hardship determination was the only issue in Salvador–Calleros' appeal to the BIA, we lack jurisdiction to review the BIA's decision to streamline her appeal, and we dismiss that claim.

■ Notwithstanding any statutory limitations on judicial review, we retain jurisdiction to review constitutional claims, even where those claims relate to a discretionary decision. *See Falcon Carriche*, 350 F.3d at 850; *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir.2003) ("Although we lack jurisdiction to review whether an alien has established exceptional and extremely unusual hardship, we retain jurisdiction to consider whether the BIA's interpretation of the hardship standard violates due process." (footnote omitted)). Therefore, we review Salvador–Calleros' due process challenges to the

---

**2.** Because Salvador–Calleros was placed in removal proceedings on June 1, 1998, her case is governed by the permanent judicial review provisions under section 242 of the Immigration and Nationality Act, now codified at 8 U.S.C. § 1252. *See Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997) (determining that the effective date of the relevant IIRIRA provisions was April 1, 1997). Specifically, 8 U.S.C. § 1252(a)(2)(B) provides:

Notwithstanding any other provision of law, no court shall have jurisdiction to review—

(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

(ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

hardship standard and streamlining regulations.

### III. Discussion

#### A. The Due Process Claims

■ We review claims of due process violations in removal proceedings *de novo*. See *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir.2003); *Agyeman v. INS*, 296 F.3d 871, 876 (9th Cir.2002).

■ Petitioner first claims that the IJ violated due process by applying too stringent a standard in determining whether her removal would cause exceptional and extremely unusual hardship. In *Ramirez–Perez*, we found that "[t]he BIA has not exceeded its broad authority by defining 'exceptional and extremely unusual hardship' narrowly." 336 F.3d at 1006 (footnote omitted). In both *Ramirez–Perez* and the instant case, the IJ found that removal to Mexico of a mother whose child has been raised in the United States would not cause the requisite "exceptional and extremely unusual hardship." *Id.* at 1003–04. Thus, we conclude that the hardship standard applied by the IJ to Salvador–Calleros falls within the broad range authorized by statute and does not violate due process.

Salvador–Calleros also claims that the BIA's streamlining procedures deprived her of due process insofar as those regulations permitted one judge, without opinion, to summarily affirm the IJ's decision and that, even if streamlining is constitutional, the nature of the hardship inquiry precludes streamlining in cancellation of removal cases. These due process claims are foreclosed by *Falcon Carriche*, in which we rejected claims identical to the petitioner's. See *Falcon Carriche*, 350 F.3d at 850–52. Salvador–Calleros raises no new arguments. "Thus, *Falcon Carriche* governs, and [Salvador–Calleros']

due process challenge to the streamlining procedures fails." *Ramirez–Perez*, 336 F.3d at 1007.

#### B. Timeliness of Motion for Stay of Voluntary Departure

■ At the outset, we construe Salvador–Calleros' motion to stay removal as including a motion to stay voluntary departure. In *El Himri v. Ashcroft*, 344 F.3d 1261 (9th Cir.2003), we found that, under IIRIRA, we retain our equitable authority to grant a stay of the voluntary departure period. *Id.* at 1262. *See also Desta v. Ashcroft*, 365 F.3d 741, 747 (9th Cir.2004). We explained in *Desta* that "[w]e [will] construe ... [a] motion to stay removal, filed before the thirty-day voluntary departure period had expired, as including a motion to stay voluntary departure." *Id.* at 745–46. Because we construe Salvador–Calleros' motion to stay removal as encompassing a motion to stay voluntary departure, the question that remains is whether Salvador–Calleros' motion to stay voluntary departure was timely filed.

■ The timeliness of a motion to stay voluntary departure, where the last day of the voluntary departure period falls on a weekend day and the motion is filed the next court day, is an issue of first impression in our circuit. Our precedent makes clear that a motion for stay of voluntary departure, encompassed within a motion for stay of removal, is timely if the voluntary departure period has not expired at the time the motion for stay of removal is filed. See *Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir.2004); *Desta*, 365 F.3d at 745–46 (9th Cir.2004). However, we have not expressly decided whether a motion for stay of voluntary departure is timely under the circumstances of this case.

As noted above, the BIA affirmed the IJ and renewed Salvador–Calleros' voluntary

departure period for thirty days in an order dated May 16, 2002. As a result, Salvador–Calleros had a thirty-day period from the issuance of the BIA order to file both her petition for review and her motion for stay of removal encompassing a stay of voluntary departure. The thirtieth calendar day after the issuance of the BIA order was Saturday, June 15, 2002. Salvador–Calleros filed both her petition for review and her motion for stay of removal on Monday, June 17, 2002.

To compute the expiration date of a given period, we look to Fed. R.App. P. 26(a), which sets out the rules for "computing time" and states that those rules "apply in computing any period of time specified in these rules or in any local rule, court order, or applicable statute." Fed. R.App. P. 26(a). When counting days in order to compute a period's expiration date, Fed. R.App. P. 26(a)(3) instructs us to "[i]nclude the last day of the period *unless it is a Saturday, Sunday,* legal holiday, or—if the act to be done is filing a paper in court—a day on which the weather or other conditions make the clerk's office inaccessible." *Id.* (emphasis added). In other words, where the last day of a given period would otherwise fall on a weekend day, Fed. R.App. P. 26(a)(3) requires us to exclude that weekend day from our counting, which causes the period's last day to actually fall on the following Monday. *See, e.g., Funbus Systems, Inc. v. California Pub. Util. Comm'n,* 801 F.2d 1120, 1124 (9th Cir.1986) (calculating time pursuant to Fed. R.App. P. 26(a)(3) and thereby determining that the period for timely filing of an administrative appeal ended on Monday, not Sunday).

Here, the period of time to be computed is the thirty-day voluntary departure period set by the BIA in its May 16, 2002 order, pursuant to 8 C.F.R. § 240.25 (authorizing the BIA to grant voluntary de-

parture periods). Although we have not specifically addressed the question of whether Fed. R.App. P. 26(a)(3) applies when computing the expiration date of voluntary departure periods, there is no exception in Fed. R.App. P. 26(a) for voluntary departure periods. Moreover, Moore's Federal Practice, Third Edition, § 326.10 explains that Fed. R.App. 26(a) is to be followed unless Congress has specified a method of counting days in a statute governing a particular procedure. Because neither of the regulations governing voluntary departure periods, 8 C.F.R. § 240.25 and 8 C.F.R. § 1240.26, indicate any rules regarding the treatment of weekend days, holidays, or other potential exceptions, "Rule 26(a) does operate to require that Saturdays and Sundays be counted within the filing period unless the last day falls on a Saturday or Sunday." Moore's Federal Practice, Third Edition, § 326.10. If any doubt remains about the applicability of Fed. R.App. P. 26(a) to voluntary departure periods specified in BIA orders, Fed. R.App. P. 20 eliminates it. Fed. R.App. P. 20 states that "[a]ll provisions of these rules apply to the review or enforcement of an agency order." Fed. R.App. P. 20. *See also Funbus Systems, Inc.,* 801 F.2d at 1124 (finding that Fed. R.App. P. 26(a) applies to appellate review of agency orders).

■ The government concedes that Salvador–Calleros timely filed her petition for review, but insists that she failed to timely file her motion for stay of voluntary departure (encompassed within her motion for stay of removal), even though she filed both on Monday, June 17, 2002, and the thirty-day deadline for both technically fell on Saturday, June 15, 2002. The government essentially argues that we should apply Fed. R.App. P. 26(a) when calculating the expiration dates of some periods but not others. Such inconsistent application of Fed. R.App. P. 26(a) would contra-

dict its plain language, which enumerates no exceptions to its rules. Inconsistent application of Fed. R.App. P. 26(a) would also create unnecessary confusion, especially where, as here, there are two separate but related thirty-day periods that relate back to the same order and start running on the same exact date. Therefore, we hold that Fed. R.App. P. 26(a) applies to the computation of voluntary departure periods.

The government cites *Garcia v. Ashcroft*, 368 F.3d 1157 (9th Cir.2004), to support its argument that we cannot grant Salvador–Calleros a stay of voluntary departure because her motion to stay removal was filed on the 32nd day—Monday, June 17, 2002. The government's reliance on *Garcia* is misplaced. While *Garcia* clarified that we lack authority to grant a stay where "there is no motion filed within the voluntary departure period that can be construed as a motion for stay," *Garcia*, 368 F.3d at 1159, *Garcia* did not address the threshold question presented here: namely, whether Salvador–Calleros' voluntary departure period expired on the thirtieth calendar day (Saturday, June 15, 2002), or the first court day following that day (Monday, June 17, 2002).

By applying Fed. R.App. P. 26(a) to the calculation of voluntary departure periods, we are not "extending" the voluntary departure time period in contravention of INS regulations; rather, we are simply determining which date should be counted as the thirtieth day.[3] *See, e.g., Bartlik v. U.S. Dep't of Labor*, 62 F.3d 163, 166 (6th Cir.1995) ("[A]pplication of Appellate Rule 26(a) to calculate a limitations period does not 'expand' or 'enlarge' our jurisdiction.")

"Appellate Rule 26(a) ... do[es] nothing more than provide the court and the parties with a means of determining the beginning and end of a [period] prescribed elsewhere in law," given the reality that this court does not accept filings seven days a week. *Id.* Thus, application of Fed. R.App. P. 26(a) to determine the expiration date of a voluntary departure period is neither in contravention of INS regulations nor inconsistent with our holding in *Garcia*.

Because the thirtieth calendar day of Salvador–Calleros' period of voluntary departure fell on a Saturday, we apply Fed. R.App. P. 26(a)(3). As a result, we exclude Saturday, June 15, 2002, and Sunday, June 16, 2002, from the thirty-day count, which causes her voluntary departure period to actually expire the following Monday. Accordingly, Salvador–Calleros had until Monday, June 17, 2002 to file her stay of voluntary departure. Salvador–Calleros filed her motion for stay of removal encompassing a motion for stay of voluntary departure that day, and it is therefore timely. *See Desta*, 365 F.3d at 750.

The petition for review of the BIA's decision is **DISMISSED** in part and **DENIED** in part. Petitioner's motion to stay voluntary departure is **GRANTED** *nunc pro tunc* to the date of her motion to stay removal. The stays of voluntary departure and removal will expire on the issuance of the mandate.

LEAVY, Circuit Judge, concurring in part and dissenting in part:

I agree that Salvador–Calleros has established no claims of denial of due pro-

---

**3.** 8 C.F.R. § 1240.26(f) provides in pertinent part: "Authority to extend the time within which to depart voluntarily specified initially by an immigration judge or the Board is only within the jurisdiction of the district director, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs." *See also Desta*, 365 F.3d at 747 (explaining that extending a period of voluntary departure would be "in contravention of INS regulations").

cess. Because Salvador–Calleros' motion to stay voluntary departure was filed after the expiration of her voluntary departure period, I disagree with the majority's conclusion that the motion to stay voluntary departure was timely filed.

Authority to *grant* a period of voluntary departure is limited to an Immigration Judge and the Board of Immigration Appeals ("BIA"). The voluntary departure period in this case could have been for any number of days not exceeding 60 days. *See* 8 U.S.C. § 1229c(b)(2). The BIA granted Salvador–Calleros a voluntary departure period of 30 days.

Authority to *extend* a period of voluntary departure is limited to the district director, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs. 8 C.F.R. § 1240.26(f).[1]

The courts have no authority to grant or extend the period allowed for voluntary departure. *See Zazueta–Carrillo v. Ashcroft*, 322 F.3d 1166, 1172 (9th Cir.2003) ("It is executive rather than judicial officers who decide when an alien must depart. Neither the statute nor the regulations give courts any designated role in this process of setting the deadline for departure."). In *Desta v. Ashcroft*, 365 F.3d 741, 747 (9th Cir.2004), we concluded that a court could only stay the period allowed for voluntary departure on a motion made during the voluntary departure period allowed by the Immigration Judge or the BIA. *See id.* ("Thus, while we are stopping the clock from running on the time petitioner has to depart voluntarily, we are not adding more time to that clock.").

Salvador–Calleros was granted 30 days to voluntarily depart. Saturday, June 15, 2002, was the last day of the time allowed. Neither Fed. R.App. P. 26(a) nor Fed. R.App. P. 20 has any application to Salvador–Calleros' status as of Sunday, June 16, 2002. No filing of any paper was necessary to the expiration of the time period for voluntary departure.

The Federal Rules of Appellate Procedure make Salvador–Calleros' petition for review timely on Monday, June 17, 2002. That filing would have been timely if Salvador–Calleros' time for voluntary departure were 29 days, 28 days, or, for that matter, one day.

Because this court lacks power to grant a new voluntary departure period, it lacks power to breathe life into an expired voluntary departure period. Salvador–Calleros' motion for stay of voluntary departure filed on Monday, June 17, 2002, should be denied. *See Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir.2004).

---

1. **Authority to extend the time within which to depart voluntarily specified initially by an immigration judge or the Board is only within the jurisdiction of the district director, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs.** An immigration judge or the Board may reinstate voluntary departure in a removal proceeding that has been reopened for a purpose other than solely making an application for voluntary departure if reopening was granted prior to the expiration of the original period of voluntary departure. In no event can the total period of time, including any extension, exceed 120 days or 60 days as set forth in section 240B of the Act.

8 C.F.R. § 1240.26(f) (emphasis added).