**Juan BARAJAS Barajas, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72371.

Agency No. A75–306–432.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.[*]

Decided Dec. 10, 2004.

Walter Rafael Pineda, Esq., Law Office of Walter Rafael Pineda, Redwood City, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, M. Jocelyn Wright, Esq., Regina Byrd, Attorney, Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM [**]

Juan Barajas Barajas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review due process challenges *de novo, see Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir.2002), and we deny the petition.

Petitioner's first contention that the BIA's summary affirmance process violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–851 (9th Cir.2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

Petitioner also argues that he had a "settled expectation" that the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRI-RA") would apply to him because he applied for asylum prior to the effective date of the permanent rules of the IIRIRA, and that it was a denial of due process to place him in removal proceedings. This contention is foreclosed by *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1108 (9th Cir. 2003). *See also Jimenez–Angeles,* 291 F.3d at 600–02 (holding that alien did not have settled expectation that she would be placed in deportation proceedings rather than removal proceedings).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), and *Salvador–Calleros v. Ashcroft,* 389 F.3d 959 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as the filing of the motion for stay of re-

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

moval and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.