Nshan ZADELYAN; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71872.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies petitioners' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Artem M. Sarian, Glendale, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland, San Francisco, CA, Richard M. Evans, Esq., Susan Houser, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Nshan Zadelyan, his wife Azniv, and their two sons Ruben and Karapet, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] To the extent we have jurisdiction, our jurisdiction is conferred by 8 U.S.C. § 1252. We deny in part and vacate and remand in part the petition for review.

---

1. Azniv, Ruben and Karapet's claims are derivative of Nshan's claims.

The IJ found that petitioners' asylum applications were untimely and that they failed to establish extraordinary circumstances to excuse that untimeliness. *See* 8 U.S.C. § 1158(a)(2)(B), (D). In the alternative, the IJ denied petitioners' asylum claims, as well as their withholding of removal and CAT claims, after finding that they failed to present credible evidence in support of the claims.

■ Although we have jurisdiction to review the IJ's adverse credibility determination, we lack jurisdiction to review whether an alien has demonstrated extraordinary circumstances excusing an untimely asylum application. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002).

Because the Board affirmed without opinion, we have no way of knowing on which ground or grounds the Board affirmed the denial of asylum, and in turn whether we have jurisdiction to review the Board's decision as to those claims. *See Lanza v. Ashcroft,* 389 F.3d 917, 919 (9th Cir.2004). Accordingly, we vacate the Board's decision as to the asylum claims and remand with instructions to clarify the grounds for its affirmance of the IJ's denial of those claims. *See id.* at 932 (9th Cir.2004).

Because there are no barriers to our review of petitioners' withholding of removal and CAT claims, we reach the merits of those claims and deny that portion of the petition for review.

■ Substantial evidence supports the IJ's adverse credibility finding because lead petitioner Nshan Zadelyan's testimony was both internally inconsistent and inconsistent with his declaration, and contained implausibilities. Because the factual discrepancies went to the heart of petitioners' withholding and CAT claims, we are not compelled to overturn the IJ's denial of withholding and CAT relief. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), and *Salvador–Calleros v. Ashcroft,* 389 F.3d 959, 2004 WL 2660604 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because this court granted a stay of removal, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal.

PETITION FOR REVIEW DENIED in part, VACATED and REMANDED in part.