**Jose L. GARCIA MEDINA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73588.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Carolyn Reinholdt, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Jacqueline Dryden, Office of Immigration Litigation Ben Franklin Station–Civil Division, Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Jose L. Garcia Medina, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see*

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition.

Substantial evidence supports the IJ's conclusion that petitioner failed to establish sufficient individualized harm or risk of future harm to be eligible for asylum based on past persecution or a well-founded fear of future persecution. *See Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) (recognizing that "[m]ere generalized lawlessness and violence" without a particularized risk to the petitioner is generally insufficient to support a claim of asylum).

The record shows that petitioner suffered no harm in Mexico. No evidence was presented that anyone in Mexico targeted petitioner for harm or mistreatment.

Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), and *Salvador-Calleros v. Ashcroft,* 389 F.3d 959 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**