**Levan GALUMASHVILI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72828.

Agency No. A76–373–429.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Levan Galumashvili, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office Of The District Counsel, San Francisco, CA, Margaret Taylor, Colette J. Winston, Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Levan Galumashvili, a native and citizen of Georgia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will reverse the agency's determination only if the evidence compels such a result. *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition for review.

Substantial evidence supports the IJ's determination that Galumashvili failed to present credible evidence of past persecution. There were important inconsistencies, going to the heart of his asylum claim, both within his testimony and between his testimony, the application form, and his wife's testimony. *See Mejia–Paiz v. INS*, 111 F.3d 720, 724 (9th Cir.1997).

Substantial evidence supports the IJ's determination that Galumashvili failed to show a well-founded fear of future persecution if he returned to Georgia. He did not claim that he was politically active, he is Georgian rather than Armenian, and he did not overcome evidence of changed country conditions. *See Molina–Estrada*

*v. INS*, 293 F.3d 1089, 1095–96 (9th Cir. 2002).

Because Galumashvili failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Because Galumashvili failed to seek relief under the Convention Against Torture before the agency, we do not consider it. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir.1999).

Galumashvili's contention that the BIA's summary affirmance procedure was inconsistent with due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848–49 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), and *Salvador–Calleros v. Ashcroft*, 389 F.3d 959 (9th Cir.2004), Galumashvili's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.