**Guadalupe MADRID, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72740.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.[*]

Decided Jan. 14, 2005.

Guadalupe Madrid, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Emily A. Radford, Attorney, Allen W. Hausman, Attorney, DOJ–U.S. Department of Jus-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**152**

tice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Guadalupe Madrid, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her application for suspension of deportation. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under former 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). We deny in part and dismiss in part the petition for review.

Madrid's contentions that the BIA's summary affirmance without an opinion violates due process and that the BIA improperly streamlined her case, are foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–56 (9th Cir.2003).

We lack jurisdiction to review the IJ's discretionary determination to deny Madrid's application for suspension of deportation. *See Kalaw,* 133 F.3d at 1152 ("if the Attorney General decides that an alien's application for suspension of deportation should not be granted as a matter of discretion ... the BIA's denial of the alien's application would be unreviewable under the transitional rules.").

Madrid's remaining contentions are also without merit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), and *Salvador–Calleros v. Ashcroft,* 389 F.3d 959 (9th Cir.2004), Madrid's voluntary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**