**Sherron Cabrera ANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74388.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

Steven J. Rodriguez, Korenberg, Abramowitz & Feldun, A Law Corporation, Sherman Oaks, CA, for Petitioner.

John M. McAdams, Jr., Nelda C. Ackerman, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Sherron Cabrera Ang is a native and citizen of the Philippines. She petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") decision to deny Ang's application for asylum and withholding of removal. We dismiss in part, and deny in part.

Pursuant to 8 U.S.C. § 1158(a)(3), Ang's asylum claim is unreviewable by this court

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

because the BIA determined that the claim was untimely. *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

We have jurisdiction under 8 U.S.C. § 1252(a) and review for substantial evidence Ang's eligibility for withholding of removal. *See Hakeem*, 273 F.3d at 816. Substantial evidence supports the BIA's denial of withholding of removal because Ang's testimony and application do not establish that it is "more likely than not" that she will face persecution on account of her ethnicity upon returning to the Philippines. *See id.* at 816–17.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), and *Salvador–Calleros v. Ashcroft*, 389 F.3d 959 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

