Rufina ZAVALA PULIDO; Everardo Cervantes, Petitioners,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 02–72034.
Agency Nos. A75–261–588, A75–261–589.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.**

Decided April 11, 2005.

Walter Rafael Pineda, Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald A. Couvillon, John C. Cunningham, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM***

Rufina Zavala Pulido and Everardo Cervantes, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's denial of their application for asylum and withhold-

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

ing of removal. We have jurisdiction under 8 U.S.C. § 1252. We have jurisdiction to review due process challenges, and review de novo. Jimenez–Angeles v. Ashcroft, 291 F.3d 594, 599 (9th Cir.2002). We deny the petition.

Petitioners' first contention that the BIA's summary affirmance process violates due process is foreclosed by Falcon Carriche v. Ashcroft, 350 F.3d 845, 850–51 (9th Cir.2003).

Petitioners' contention that the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") apply to them because they applied for asylum before the effective date of the permanent rules of the IIRIRA and that it was a denial of due process to place them in removal proceedings is foreclosed by Vasquez–Zavala v. Ashcroft, 324 F.3d 1105, 1108 (9th Cir.2003) (holding that an alien does not have a settled expectation of being in deportation proceedings if the INS filed the charging document after April 1, 1997, and that placing an alien in removal proceedings does not violate his due process rights). See also Jimenez–Angeles, 291 F.3d at 602 (holding that alien did not have settled expectation of being placed in deportation rather than removal proceedings).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. See Salvador–Calleros v. Ashcroft, 389 F.3d 959 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

---

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the