Jorge Rigoberto RESULEO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73681.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Suzanne B. Friedman, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

### MEMORANDUM **

Jorge Rigoberto Resuleo, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, see Meza–Manay v. INS, 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Resuleo failed to demonstrate statutory eligibility for asylum. See INS v. Elias–Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Resuleo's reliance on two prior threats as evidence of past persecution is unavailing. See Lim v. INS, 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution).

Additionally, substantial evidence supports the IJ's finding that Resuleo's fear of future persecution is not objectively reasonable. See id. at 934 ("For a fear to be well founded, it must be both subjectively genuine and objectively reasonable.").

Because Resuleo failed to establish eligibility for asylum, it follows that he failed to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

satisfy the more stringent standard for withholding of removal. See Pedro–Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir.2000).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. See Salvador–Calleros v. Ashcroft, 389 F.3d 959 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**