Marten Friso Peter TJIANDRAMITHO, Petitioner,

v.

Alberto R. GONZALES, Attorney General,[†] Respondent.

No. 03–71460.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.[*]

Decided Nov. 1, 2005.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

† Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Judith K. Hines, Esq., DOJ-U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BROWNING, CUDAHY ** and RYMER, Circuit Judges.

### MEMORANDUM ***

Indonesian national Marten Friso Peter Tjiandramitho petitions this Court for review of a Board of Immigration Appeals (BIA) decision affirming, without opinion, an Immigration Court's denial of his application for asylum. Specifically, petitioner alleges that the BIA violated his due process rights by electing to affirm the decision of the Immigration Court, pursuant to its "streamlining" procedures, without issuing its own written opinion. Petitioner also claims that the BIA's denial of his asylum application was erroneous on the merits.

█ Petitioner's due process claim, while entitled to *de novo* review, *Salvador–Calleros v. Ashcroft*, 389 F.3d 959, 963 (9th Cir.2004), is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, where we specifically held that "streamlining does not violate an alien's due process rights." 350 F.3d 845, 848 (9th Cir.2003). This decision upheld several aspects of the BIA's streamlining procedures, including the practice of affirming Immigration Court decisions without opinion. *Falcon Carriche*, 350 F.3d at 851.

█ As to petitioner's claim of error on the merits, we review for substantial evidence a BIA decision that an applicant has failed to establish eligibility for asylum. *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004); *Nagoulko v. I.N.S.*, 333 F.3d 1012, 1015 (9th Cir.2003). Under this standard, a petition for review must be rejected unless "[a]ny reasonable finder of fact would be compelled to conclude that [petitioner] had a well-founded fear of persecution, and is therefore eligible for asylum." *Njuguna*, 374 F.3d at 771. We are "not permitted to substitute our view of the matter for that of the Board." *Prasad v. I.N.S.*, 47 F.3d 336, 340 (9th Cir.1995).

---

** The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**642**

Since the BIA affirmed the decision of the Immigration Judge (IJ) without opinion, we "directly review the IJ's decision," *Circu v. Ashcroft*, 389 F.3d 938, 940 (9th Cir.2004), and review is limited to the administrative record underlying the decision. 8 U.S.C. § 1252(b)(4)(A); *Njuguna*, 374 F.3d at 769. For the following reasons, we deny the instant petition.

Petitioner's application for asylum is based on allegations that his family's house and business were burned down and that he and his family have been subject to repeated threats because they are Christian and ethnic Chinese. While petitioner paints a vivid picture of civil strife and sporadic violence against ethnic Chinese and Christians in Indonesia, the record reveals that the decision of the IJ (and hence the BIA) was supported by substantial evidence.

It is not clear that Tjiandramitho's alleged difficulties were the result of anything other than social unrest and discrimination, which alone may not support an asylum claim. *Singh v. I.N.S.*, 134 F.3d 962, 967 (9th Cir.1998). Though petitioner's home was burned down by people he thought to be Muslims, the IJ had substantial evidence to determine that petitioner did not prove that his family was specifically targeted because they were Christian. The same is true with respect to the alleged threatening phone calls and flyers, allegations of verbal threats, and bus searches.

In light of the foregoing considerations, we are satisfied that the BIA's decision was supported by substantial evidence. That is, we cannot say that a reasonable fact-finder would be compelled to reach a contrary result.

**PETITION DENIED.**