**Santiago Segundo AMPIL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–73292.
Agency No. A73–446–041.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 13, 2006.

R.App. P. 34(a)(2).

---

Kenneth R. Sheehan, Attorney at Law, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, John L. Davis, DOJ-U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Santiago Segundo Ampil, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals affirming an immigration judge's ("IJ") decision denying his application for relief under the Convention Against Torture ("CAT") and denying his request for a waiver of inadmissibility under 8 U.S.C. § 1182(i)(1). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the denial of CAT relief for substantial evidence.

** This disposition is not appropriate for publication and may not be cited to or by the

*Singh v. Ashcroft*, 351 F.3d 435, 442 (9th Cir.2003). We dismiss in part the petition for review, and deny in part.

We lack jurisdiction to consider the agency's denial of a waiver of inadmissibility under 8 U.S.C. § 1182(i)(1). *See* 8 U.S.C. § 1182(i)(2) ("No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under paragraph (1).").

Substantial evidence supports the denial of CAT relief. Ampil did not offer reliable evidence that it was more likely than not that he would be tortured by government officials or that they would acquiesce to such conduct if he returned to the Philippines. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1019 (9th Cir.2004).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Salvador–Calleros v. Ashcroft*, 389 F.3d 959 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

courts of this circuit except as provided by 9th Cir. R. 36–3.