**Humberto MEZA, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 03–74253.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2006.

Decided April 14, 2006.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Mary Jane Candaux, Esq., Jacqueline Dryden, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ and TALLMAN, Circuit Judges, and KARLTON,* Senior District Judge.

MEMORANDUM **

Petitioner, Humberto Meza ("Meza"), seeks judicial review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on June 14, 2002. The immigration judge ("IJ") denied Meza's application for cancellation of removal for failure to establish "exceptional and extremely unusual hardship," as required by 8 U.S.C. § 1229b(b)(1)(D). Because the BIA affirmed the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *Lanza v. Ashcroft,* 389 F.3d 917, 925 (9th Cir. 2004). Meza timely petitioned this court to review the BIA's decision.

Attached to Meza's Notice is an addendum which challenges the IJ's determination that he had failed to satisfy the hard-

---

* The Honorable Lawrence K. Karlton, Senior United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

ship requirement. In his opening brief to this court, however, Meza additionally asserts that the BIA "misconstrued Congressional intent and defied a Supreme Court rule of statutory construction in their crafting of relief" under the Immigration and Naturalization Act of 1952 ("INA"), § 240A(b)(1), 8 U.S.C. § 1229b(b)(1)(2006). We first address whether the court has jurisdiction under INA § 242(a)(2)(B)(I) to review the BIA's hardship determination before turning to Meza's statutory challenge.

The IJ in the case at bar concluded that Meza failed to establish that his return to Mexico would cause "exceptional and extremely unusual hardship" to his United States citizen minor children. The BIA's determination that Meza failed to show "exceptional and extremely unusual hardship" to his qualifying relatives is not subject to judicial review. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 889–92 (9th Cir.2003) ("[N]otwithstanding any other provision of law, no court shall have jurisdiction to review[ ]any judgment regarding the granting of relief under section ... 1229b [cancellation of removal]" (second alteration in original) (internal quotation marks omitted)). We therefore dismiss the petition to the extent that it seeks review of the IJ's hardship determination.

Meza asserts in his opening brief that the BIA "misconstrued Congressional intent and defied a Supreme Court rule of statutory construction in their crafting of relief" under the INA. We retain jurisdiction to review whether the BIA's interpretation of the hardship standard contradicts congressional intent. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir. 2003) ("[W]e retain jurisdiction to review constitutional claims, even when those claims address a discretionary decision");

*see also* 8 U.S.C. § 1252(a)(2)(D). As did the petitioner in *Ramirez–Perez,* Meza maintains that the BIA's interpretation of the hardship standard for cancellation of removal under 8 U.S.C. § 1229b(b)(1) contravenes congressional intent. In *Ramirez–Perez,* we rejected that argument "because the BIA's interpretation falls well within the broad range authorized by the statutory language," and "we must defer to it." *Id.* at 1006 (citing *INS v. Wang,* 450 U.S. 139, 144, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981)); *see also Salvador–Calleros v. Ashcroft,* 389 F.3d 959, 963 (9th Cir.2004) (rejecting petitioner's claim that the IJ violated due process by applying too stringent a standard in determining whether her removal would cause exceptional and extremely unusual hardship). Because Meza's statutory argument is nearly identical to that which this court rejected in *Ramirez–Perez,* we deny his petition for review on this ground.

**DISMISSED** in part; **DENIED** in part.