**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR SERRATOS-QUIROZ, | No. 08-75082 |
| Petitioner, | Agency No. A097-764-754 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN and FISHER, Circuit Judges.

Salvador Serratos-Quiroz, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals order dismissing his appeal from an

immigration judge's (IJ) denial of his application for cancellation of removal.  Our

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

Our review of the record reveals no support for Serratos-Quiroz's contention that the IJ prejudged his cancellation claim or displayed any bias or animosity toward him. *See Vargas-Hernandez v. Gonzalez*, 497 F.3d 919, 925-26 (9th Cir. 2007) (acknowledging the agency's standard for recusal set forth in *Matter of Exame*, 18 I. & N. Dec. 303, 306 (BIA 1982)).

We lack jurisdiction to review the agency's discretionary determination that Serratos-Quiroz failed to show exceptional and extremely unusual hardship to his U.S. citizen children. 8 U.S.C. § 1252(a)(2)(B); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009).

Finally, Serratos-Quiroz's contention–that his removal would result in the deprivation of his children's right to remain with their father–does not raise a constitutional claim. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1012-13 (9th Cir. 2005) (explaining that agency necessarily considers effect of parent's removal on the interests of the child, and does not act in a manner contrary to Congress' intent, when evaluating and denying cancellation claim); *Salvador-Calleros v. Ashcroft*, 389 F.3d 959, 963 (9th Cir. 2004) (holding that hardship standard does not violate due process).

2                                                                08-75082

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**