NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDIA LEMUS LEON; A. G. E. L.; J. L. E. L.; M. F. E. L., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-2963 <br><br> Agency Nos. <br> A245-510-632 <br> A245-510-675 <br> A245-510-685 <br> A245-510-694 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2026[**]
Seattle, Washington

Before: TALLMAN, OWENS, and R. NELSON, Circuit Judges.

Petitioner Claudia Lemus Leon and her three minor children, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals's (BIA) decision affirming the Immigration Judge's (IJ) denial of their applications for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). We review "factual findings for substantial evidence and legal questions de novo." *Id.* We review "claims of due process violations in removal proceedings de novo." *Salvador-Calleros v. Ashcroft*, 389 F.3d 959, 963 (9th Cir. 2004) (emphasis omitted).

1.    Petitioner's claim that the IJ violated her due process rights is meritless. First, Petitioner claims that the IJ failed to obtain a knowing and voluntary waiver of her right to counsel. Petitioners in immigration proceedings have the "right to be represented by counsel at one's own expense . . . as an incident of the right to a fair hearing under the Due Process Clause of the Fifth Amendment." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). Due process requires a "knowing and voluntary waiver of the right to counsel," meaning the IJ must "(1) inquire

---

[1] Ms. Lemus Leon is the lead petitioner. Separate applications for relief were filed for each of her minor children. However, all claims rest on the facts and testimony presented by Ms. Lemus Leon. Therefore, we primarily address Ms. Lemus Leon.

specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." *Zuniga v. Barr*, 946 F.3d 464, 471 (9th Cir. 2019) (quoting *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004)). However, the IJ is "not obligated to grant indefinite continuances if [Petitioner] did not produce counsel but refused to waive [her] right." *United States v. Moriel-Luna*, 585 F.3d 1191, 1201 (9th Cir. 2009).

Petitioner was "granted four continuances over a period of more than nine months" to give her time to retain counsel. At Petitioner's hearing on October 29, 2024, Petitioner sought yet another continuance to give herself "more time" to obtain legal counsel. The IJ denied Petitioner's motion for another continuance, finding that she failed to show "good cause." The IJ "had done everything he reasonably could to permit [Petitioner] to obtain counsel," and Petitioner made it "apparent that [she] simply was unable to secure counsel at [her] own expense." *Vides-Vides v. I.N.S.*, 783 F.2d 1463, 1469–70 (9th Cir. 1986). "Consequently, the IJ had no option but to proceed to the hearing of evidence on the merits of the case." *Id.* at 1470.

Second, Petitioner claims the IJ violated her due process rights by failing to fully develop the record. An IJ is obligated to "explain to an alien what [she] must prove to establish the basis for the relief," and "if the alien is proceeding pro se, the IJ has an obligation to fully develop the record." *Zamorano v. Garland*, 2 F.4th 1213, 1225–26 (9th Cir. 2021). These obligations, however, do not "transform IJs

3                                                                                          25-2963

into attorneys for aliens appearing pro se in deportation proceedings." *Id.* at 1226 (citation omitted).

The record here shows that the IJ asked Petitioner open-ended questions regarding whether she or her children had "ever" experienced physical harm or threats and whether there was "any reason" why criminals may target Petitioner and her children. Petitioner did not describe any instances of harm or threats to her or her children, but she explained her generalized fear of "crime" and "criminals." Before cross-examination, the IJ asked Petitioner if there was "anything else" she would like to share about her reasons for not wanting to return to Mexico, and Petitioner reiterated a generalized fear of what "they could do" to her or her children. Petitioner was given a "reasonable opportunity to develop [her] own story relevant to a claim for asylum or withholding of removal," and the IJ "did not violate his statutory duty to develop the record." *Zamorano*, 2 F.4th at 1226–27.

2.    Substantial evidence supports the BIA's decision to deny Petitioner's application for asylum and withholding of removal. Petitioner had the burden to establish "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)).

Petitioner testified to having a generalized fear of "crime" and "criminals,"

but Petitioner failed to describe a single instance of physical harm or threats experienced by her or her children. Petitioner testified that a family member of her father-in-law was taken away, but she could not provide the identities of the family member or the "criminals" who allegedly caused his disappearance. She also testified that some of her extended family members must pay a "quota" to criminals whom she could not identify. This testimony does not establish personal harm that rises to the level of past persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1091–93 (9th Cir. 2010) (finding no past persecution where petitioner alleged harm suffered by family members but could not establish that he suffered any "personal persecution").

Petitioner failed to establish past persecution, so she is "not entitled to a presumption of a well-founded fear of future persecution." *Singh v. Bondi*, 161 F.4th 560, 568 (9th Cir. 2025). Petitioner did not establish a well-founded fear of future persecution, as she was unable to provide "any reason" why she and her children would be targeted by criminals "as opposed to any other children in Mexico." Petitioner stated that she does not fear a specific person or group, and she could not give a particularized reason for fearing harm from the Mexican police. Petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground," and cannot demonstrate a well-founded fear of persecution. *See Zetino v. Holder*, 622 F.3d

1007, 1016 (9th Cir. 2010).[2]

Petitioner's failure to meet her burden on her asylum claim means she cannot meet her burden on the "more stringent" standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Substantial evidence supports the BIA's denial of Petitioner's application for asylum and withholding of removal.

3. Petitioner forfeited appellate review of her CAT claim, because she failed to raise the issue in the body of her opening brief. Fed. R. App. P. 28(a)(8); *see Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).[3]

**PETITION DENIED.**

---

[2] Petitioner argues that the agency failed to conduct an individualized analysis of internal relocation to determine whether Petitioner and her children could avoid future persecution. We need not reach this issue, because substantial evidence supports the BIA's findings that Petitioner failed to establish past persecution or an objectively reasonable fear of future persecution. It is unnecessary to determine whether relocation would be reasonable to avoid persecution that has not been established. *See* 8 C.F.R. § 1208.13(b)(2)(ii) (stating that a relocation analysis may show that the "applicant does not have a well-founded fear of persecution" that was otherwise established).

[3] Petitioner's motion to stay removal, Dkt. 3, is denied as moot.