**Luz Marina ATILANO–GARCIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71166.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 3, 2005.*

Decided Dec. 19, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Matthew B. Weber, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS-District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Linda S. Wernery, Esq., John M. Mcadams, Jr., DOJ-U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Luz Marina Atilano–Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denial of her motion to reconsider and reopen its summary affirmance of an immigration judge's (IJ) denial of her application for cancellation of removal. Atilano–Garcia sought to reopen proceedings to seek adjustment of status to that of a lawful permanent resident through her United States citizen son. The BIA determined that Atilano–Garcia could have, but failed to, present to the IJ the evidence of her eligibility to adjust status. We have jurisdiction over her timely petition under 8 U.S.C. § 1252(a). We review for abuse of discretion, see INS v. Doherty, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), and we grant the petition to remand with instructions to reopen.

The BIA abused its discretion when it denied Atilano–Garcia's motion to reopen because it based its denial on a distortion of the facts—its finding that Atilano–Garcia's I–130 application was not "new evidence" because it could have been presented at the earlier hearing before the IJ. This holding is contrary to the record and to the agency's own position. The IJ denied Atilano–Garcia's motion for a continuance because the I–130 was not immediately available. Thus, it was not evidence that could have been presented to the IJ on March 5, 2005. Moreover, the Department of Homeland Security in opposition to Atilano–Garcia's motion, took the position that "the affidavits [concerning the I–130 application] *are new evidence.*" (emphasis added). Therefore, the BIA's denial of the motion to reopen based on Atilano–Garcia's supposed failure to submit new evidence was an abuse of dis-

cretion. *See Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999); *Gutierrez–Centeno v. INS*, 99 F.3d 1529, 1532 (9th Cir.1996).

■ If Atilano–Garcia's voluntary departure period has expired, she is subject to the ten-year bar to adjustment of status found in 8 U.S.C. § 1229c(d). Her 30 day period for voluntary departure began running on October 3, 2003, when the BIA reissued its decision. Because Atilano–Garcia filed her motion to reopen before the voluntary departure period expired and requested a stay of the voluntary departure period, the running of the 30–days was tolled while the BIA considered her motion. *See Azarte v. Ashcroft*, 394 F.3d 1278, 1289 (9th Cir.2005). When the BIA denied her motion on February 12, 2004, the 30–day period began running and ran until Sunday, March 14, 2004. However, under *Salvador–Calleros v. Ashcroft*, 389 F.3d 959, 965 (9th Cir.2004), because the last day fell on a weekend, the period did not actually expire until the following Monday, March 15, 2004. On that date Atilano–Garcia filed her motion for stay of voluntary departure. Because the motion was timely, Atilano–Garcia's voluntary departure period has not expired.

**PETITION GRANTED; REMANDED.**

