**Maria Soledad LOPEZ DE VIDRIESCA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75645.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2006.*

Filed Jan. 29, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD and BYBEE, Circuit Judges, and WHALEY,** U.S. District Judge.

MEMORANDUM ***

The facts are known to the parties, and we do not repeat them here. Petitioner Maria Soledad Lopez de Vidriesca ("Petitioner") petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of her appeal.

■ To the extent that Petitioner challenges the BIA's discretionary determination that Petitioner failed to demonstrate the requisite hardship to merit cancellation of removal under 8 U.S.C. § 1229b(b), we lack jurisdiction to review Petitioner's claims. *See Fernandez v. Gonzales,* 439 F.3d 592, 596 (9th Cir.2006). We may, however, review Petitioner's statutory and due process challenges to the BIA's decision. *See Salvador–Calleros v. Ashcroft,* 389 F.3d 959, 962–63 (9th Cir.2004).

---

** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Petitioner first argues that the BIA violated regulations by engaging in fact-finding in determining she was not eligible for cancellation of removal. Although the BIA does not have the authority to engage in fact-finding under 8 C.F.R. § 1003.1(d)(3)(i), this regulation applies only to appeals filed on or after September 25, 2002, see 8 C.F.R. § 1003.3(f); *see also In re S–H–,* 23 I. & N. Dec. 462, 466 (BIA 2002), and not to Petitioner's case, in which Department of Homeland Security ("DHS") filed its appeal of the Immigration Judge's ("IJ") March 18, 2002 decision on April 15, 2002. Under the rule governing Petitioner's case, the BIA must engage in *de novo* review of all factual findings of the IJ. *See Ramirez–Alejandre v. Ashcroft,* 320 F.3d 858, 864 (9th Cir.2003) (en banc). Therefore, to the extent the BIA engaged in fact-finding in its August 18, 2003 decision, such fact-finding was permissible.

Petitioner also makes two due process challenges. We review claims of due process violations in deportation proceedings *de novo. See Hartooni v. INS,* 21 F.3d 336, 339 (9th Cir.1994). We will reverse only if the proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case," *Platero–Cortez v. INS,* 804 F.2d 1127, 1132 (9th Cir.1986), and the alien shows prejudice, *i.e.* the outcome of the proceedings may have been affected by the alleged due process violation, *see Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

First, Petitioner claims that the BIA and IJ violated due process by denying her request for a hearing to respond to the BIA's reasons for reversing the IJ's cancellation of removal. As Petitioner notes, an alien facing deportation or removal must receive a "full and fair hearing" of her claims and a "reasonable opportunity to present evidence" on her behalf to satisfy the requirements of due process. *Colmenar,* 210 F.3d at 971. Petitioner's initial hearing before the IJ was such a hearing. In addition, the BIA did not make independent adverse credibility determinations that would require additional notice and opportunity to respond. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 657 (9th Cir.2003). We find that the BIA's denial of Petitioner's request for a hearing and opportunity to respond to the BIA did not violate due process.

Second, Petitioner argues that the BIA violated due process by holding that Petitioner waived her right to appeal the denial of her motion to suppress because she failed to file a protective cross-appeal. Under the relevant regulation relevant, an appeal from an IJ's decision must be taken directly with the BIA. See 8 C.F.R. § 3.3(a)(1) (2002). We have held that a notice of cross-appeal to our court is not a jurisdictional requirement and can be waived at the court's discretion. *See Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1298 (9th Cir.1999). But even if, by analogy, the BIA could also waive the requirement, we find that the BIA's decision not to do so did not violate Petitioner's due process rights where she was informed of her right to appeal the IJ's denial of her motion to suppress, Petitioner's cross-appeal was unrelated to the issues raised by DHS in its appeal, *see S.M. v. J.K.,* 262 F.3d 914, 923 (9th Cir. 2001), and Petitioner provided no reason for the BIA to exercise its discretion to waive the requisite notice of cross-appeal, *see id.*

Accordingly, the petition for review is **DISMISSED** in part and **DENIED** in part.