**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EMMANUEL LAYLO BALANE and
PRYMROSE MORALES BALANE,

Petitioners,

v.

ALBERTO R. GONZALES, [*] Attorney
General,

Respondent.

No. 04-9596
(BIA Nos. A78-354-380
& A78-354-381)
(Board of Immigration Appeals)

---

**ORDER AND JUDGMENT**[**]

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without

---

[*] On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the
Respondent in this action.

[**]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

oral argument.

Petitioners are aliens from the Philippines. After being informed of the institution of removal proceedings against them, they applied for a cancellation of removal. On March 13, 2003, the immigration law judge denied their application. Petitioners appealed that decision to the Board of Immigration Appeals (Board). On April 27, 2004, the Board summarily affirmed the immigration law judge's decision. Thereafter, on August 5, 2004, Petitioners filed a motion with the Board to reconsider its summary affirmance. The Board denied Petitioners' motion because it was untimely. Petitioners now appeal the Board's denial of that motion.[1]

We review the Board's denial of a motion to reconsider for an abuse of discretion. *See Belay-Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003). The Board "abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (internal quotation marks and citation omitted).

---

[1]Petitioners' argument on appeal goes to the merits of their original cancellation of removal. However, we will not consider that argument because our jurisdiction is limited to review of the Board's denial of Petitioners' motion to reconsider. *See* 8 U.S.C. § 1252(b)(1) (2000); *Stone v. INS*, 514 U.S. 386, 395, 405-06 (1995).

There is nothing in this case indicating that the Board abused its discretion when it denied Petitioner's motion to reconsider. In its order, the Board explained, "the motion to reconsider was filed out of time." A.R. at 3. The order outlined the time schedule that Petitioners had for filing such a motion. Petitioners had thirty days to file a motion for reconsideration after the Board's order was entered on April 27, 2004. Petitioners did not file their motion until August 5, 2004.[2]

Based on our review of the relevant law and facts surrounding this issue, we hold that the Board did not abuse its discretion when it denied Petitioners' motion to reconsider.

Accordingly, the Board's decision is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[2]The Board acknowledged its error "in forwarding its July 12, 2004 rejection notice to the wrong address." A.R. at 3. However, this is not relevant to our holding because, even if we were to recognize Petitioners' first filing as valid, it was nonetheless untimely when it was sent on July 7, 2004.