**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EMMANUEL LAYLO BALANE;
PRYMROSE MORALES BALANE,

Petitioners,

v.

MICHAEL B. MUKASEY,[*]
Attorney General,

Respondent.

No. 07-9544
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **LUCERO** and **PORFILIO**, Circuit Judges, **BRORBY**, Senior Circuit
Judge.

---

Petitioners Emmanuel L. Balane and Prymrose Balane petition for review

of a decision of the Board of Immigration Appeals (BIA) denying their motion to

reopen their removal proceedings. We deny the petition.

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Michael B. Mukasey is substituted for
Alberto R. Gonzales as the respondent in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

The Balanes are natives and citizens of the Phillippines. They entered the United States in August 1988 as non-immigrant students. They have two United States citizen children, H.B. and D.B.

Mrs. Balane has resided continuously in the United States since 1989. Mr. Balane resided in the United States from 1989 until the Department of Homeland Security (DHS) removed him from this country on February 12, 2007. DHS has permitted Mrs. Balane to remain in the United States temporarily in order to care for the couple's United States citizen children.

In February 2001, the Immigration and Naturalization Service (INS)– predecessor to the DHS–instituted removal proceedings against the Balanes, charging them with failing to comply with the conditions of their nonimmigrant status. They conceded their removability as charged, but applied for cancellation of removal.

On March 13, 2003, an immigration judge (IJ) found that the Balanes were removable as charged. He denied their applications for cancellation of removal but granted them voluntary departure. On April 27, 2004, the BIA summarily affirmed the IJ's decision.

The Balanes filed a procedurally-defective motion to reconsider on July 12, 2004. They resubmitted their motion on August 5, 2004. The BIA denied both motions on September 13, 2004. It noted that any motion to reconsider should

have been filed within thirty days of its previous decision of April 27, 2004. The first motion was both procedurally defective and untimely, and the second motion was untimely. The Balanes appealed to this court from the BIA's order; we affirmed its decision denying the untimely motions to reconsider. *Balane v. Gonzales*, 147 F. App'x 742 (10th Cir. 2005).

On October 12, 2005, the Balanes filed a pro se motion to reopen their removal proceeding. Their motion alleged ineffective assistance of counsel and changed circumstances. The BIA denied this motion on December 20, 2006.

On February 27, 2007, the Balanes filed a second motion to reopen, which is the focus of this appeal. It charged ineffective assistance by both of their prior attorneys and asserted that D.B. had been evaluated and diagnosed with attention-deficit hyperactivity disorder (ADHD) and would suffer exceptional and unusual hardship if the Balanes were removed. The BIA entered an extensive order denying this second motion on May 31, 2007. It found: (1) it lacked jurisdiction to adjudicate Mr. Balane's claims, because he had been removed from the United States; (2) Mrs. Balane's motion was untimely, because it had been filed two and one-half years after the removal order; (3) neither the untimeliness nor the numerical limitation on motions to reopen should be excused, because Mrs. Balane had not established that either of her prior counsel had been constitutionally ineffective; and (4) the BIA would not consider her motion on

-3-

certification and would not reopen proceedings sua sponte, because she had failed to show an exceptional or extremely unusual hardship.

## ANALYSIS

The Balanes seek review of the BIA's order of May 31, 2007. They argue the BIA: (1) abused its discretion by denying their motion to reopen, because they demonstrated ineffective assistance of counsel; (2) should have reopened proceedings sua sponte; and (3) should have tolled their voluntary departure date pending the outcome of their motion to reopen. "We review the BIA's decision on a motion to reopen for an abuse of discretion." *Galvez Pineda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005) (quotation omitted). "We will reverse only if the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (quotation omitted).

### 1. Claims of Mr. Balane

We note at the outset that Mr. Balane's claim for reopening is not cognizable now that he has been removed from this country. *See* 8 C.F.R. § 1003.2(d) (stating that a motion to reopen shall not be entertained on behalf of a person in removal proceedings subsequent to his or her departure from the United States). We therefore consider the petitioners' reopening claim only as it relates to Mrs. Balane.

-4-

**2. Denial of Motion to Reopen**

"[A]n alien may file only one motion to reopen removal proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The time and numerical limitations on motions to reopen may, however, be equitably tolled on the basis of ineffective assistance of counsel. *Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002). The BIA rejected Mrs. Balane's assertion of equitable tolling, reasoning that she failed to show "that she received ineffective assistance of counsel by either [of her previous attorneys], or that even assuming such ineffective assistance she was prejudiced as a result." Admin. R. at 3. Having reviewed the record and the parties' arguments, we conclude that Mrs. Balane has failed to demonstrate that the BIA abused its discretion in rejecting her equitable tolling argument. We therefore affirm the denial of the untimely motion for reopening.

**3. Denial of Sua Sponte Reopening**

The Balanes also argue that the BIA should have reopened proceedings sua sponte, on its own authority. The BIA rejected their request to do so. We lack jurisdiction to review this decision by the BIA. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004).[1]

---

[1] Given this jurisdictional bar on our review, we need not consider

(continued...)

-5-

### 4. Tolling of Voluntary Departure

The IJ granted the Balanes 60 days from the date of his decision, until May 12, 2003, to depart voluntarily from the United States. Admin. R. at 256. They contend that their many motions for reopening and petitions for review have somehow kept this window open until now, nearly five years later. For the reasons that follow, we conclude that their argument is meritless.

We first reject their argument based on the IJ's alleged grant of a 90-day departure window. In his oral decision, the IJ identified the period for voluntary departure as 60 days but mistakenly stated that the period would end on June 12, 2003. *Id.* at 266. Under the pertinent statute, the IJ lacked the authority to grant a period of voluntary departure in excess of 60 days. 8 U.S.C. § 1229c(b)(2). We conclude that the Balanes were given 60 days to depart voluntarily, not 90 days as they contend. To the extent that the remainder of their argument rests on a 90-day departure window, it fails.

In its order of April 27, 2004, the BIA allowed the Balanes 30 days to voluntarily depart the United States "[p]ursuant to the Immigration Judge's order." Admin. R. at 203. In its order of May 31, 2007, the BIA noted that the Balanes did not voluntarily depart the United States or file a petition for review

---

[1](...continued)
Mr. Balane's argument that the BIA retained the authority to reopen his case sua sponte notwithstanding his removal from this country. *See* Aplt. Opening Br. at 22-23.

during this 30-day period.  The Balanes contend that this statement was erroneous and prejudiced them, because they actually had either 60 or 90 days to voluntarily depart.  As we have seen, the IJ gave them 60 days to voluntarily depart.  Even if that same 60-day period were applied to the time period following the BIA's order affirming the IJ, they would have had only until June 26, 2004 to depart.[2]  It is undisputed that they failed to do so.

The Balanes contend, however, that the time for voluntary departure was tolled by the filing of their (defective) motion for reconsideration on July 12, 2004.  They failed to file their motion for reconsideration within the 30 days provided.  *See* 8 C.F.R. § 1003.2(b)(2).  But they reason that they had 90 days from the BIA's decision of April 27, 2004 to file a motion to reopen.  *See id.* § 1003.2(c)(2).  They re-characterize their *motion for reconsideration* as a "timely" *motion to reopen* which therefore tolled the voluntary departure period.

This argument is barred by our prior decision in this case, in which we held that the BIA did not abuse its discretion by finding the July 12, 2004, motion for reconsideration subject to the 30-day deadline and *untimely*.  *Balane*, 147 F. App'x at 743 & n.2.  That decision is law of the case, and cannot be revisited now

---

[2]     The 60-day period would have expired on Saturday, June 26, 2004.  Under the Ninth Circuit's approach, the Balanes would have had until Monday, June 28, 2004 to depart.  *See Salvador-Calleros v. Ashcroft*, 389 F.3d 959, 965 (9th Cir. 2004).  We need not decide which date, June 26 or June 28, was the final date for departure, for the Balanes failed to depart by either date.

in the context of attempting to resurrect a claim for voluntary departure.  In sum,

the Balanes fail to show that their *untimely* motion for reconsideration could

extend the time for voluntary departure.

      The petition for review is DENIED.

Entered for the Court


John C. Porfilio
Circuit Judge