
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADA VERALI PERDOMO DE APARICIO,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 09-73318<br><br>Agency No. A088-324-457<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2014[**]
Pasadena, California

Before: PAEZ and NGUYEN, Circuit Judges, and MOTZ, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable J. Frederick Motz, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

Ada Verali Perdomo de Aparicio petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to file an untimely brief, alleging that the BIA's decision violated her rights under the Due Process Clause of the United States Constitution. Perdomo de Aparicio also argues that the BIA violated her due process rights by affirming the immigration judge's ("IJ") decision without an opinion. Finding no error, we deny the petition.

The record reflects that the BIA mailed notice of the briefing schedule and applicable deadlines to the appropriate address and that Perdomo de Aparicio received them with adequate time to request an extension. The BIA's briefing schedule clearly stated that all requests for extensions had to be received before the brief was due on July 9, 2009. Perdomo de Aparicio argues that her brief was late because her former counsel made an unreasonable demand for payment of fees before filing. However, even if Perdomo de Aparicio's former counsel was responsible for the missed deadline, there is no basis for finding that the BIA violated Perdomo de Aparicio's due process rights. *See Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) ("[A] petitioner's due process rights are not violated [] where the failure to file the brief on time is the result of the petitioner's counsel's mistake."). In other words, there is no constitutional violation because the BIA did nothing to compromise Perdomo de Aparicio's constitutional rights. *See Rojas-*

*Garcia v. Ashcroft*, 339 F.3d 814, 822 (9th Cir. 2003) (holding that where the failure to file a timely brief was not the fault of the government agency, there is no due process violation).

In the alternative, Perdomo de Aparicio argues that the BIA violated her due process rights because it "summarily dismissed" her appeal. The BIA did not summarily dismiss the appeal, but rather affirmed the IJ's decision without an opinion, pursuant to 8 C.F.R. § 1003.1(e)(4). The BIA's use of this streamlining procedure complied with the applicable regulation and did not violate due process. *See Salvador-Calleros v. Ashcroft*, 389 F.3d 959, 963 (9th Cir. 2004) (citing *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850-52 (9th Cir. 2004)).

**PETITION DENIED.**