**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GALVAN SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 24-5582<br><br>Agency No.<br>A215-544-175<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 16, 2026**
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Jose Galvan Sanchez, a native and citizen of Mexico, petitions for review of

a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from

an order of an Immigration Judge ("IJ") denying cancellation of removal under both

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Violence Against Women Act ("VAWA"), 8 U.S.C. § 1229b(b)(2), and 8 U.S.C. §1229b(b)(1). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition as to VAWA cancellation, deny the petition otherwise, and remand.

1.  To qualify for VAWA cancellation, applicants must demonstrate they have been "battered or subjected to extreme cruelty." 8 U.S.C. § 1229b(b)(2)(A)(i). We review the agency's "legal determinations de novo and findings of fact for substantial evidence." *Hadera v. Gonzales*, 494 F.3d 1154, 1156 (9th Cir. 2007). Where, as here, the relevant facts are undisputed, "the question is whether these undisputed facts as found by the IJ meet the legal standard." *Khan v. Holder*, 584 F.3d 773, 780 (9th Cir. 2009).

The agency erred by concluding that Galvan was not battered by his wife. The IJ credited Galvan's testimony that his wife hit him three times in the face on one occasion and pulled him, tore his shirt, and scratched his chest on another. Nonetheless, the IJ concluded that Galvan was not battered because the incidents "occurred many years ago" and the couple now "have agreements of financial support and visitations." But the "suggestion that no battery occurred *in the past* because of the state of the relationship *today* is irrelevant under the plain text of the statute." *Lopez-Birrueta v. Holder*, 633 F.3d 1211, 1217 (9th Cir. 2011).

Compounding this error, the BIA concluded that Galvan was not battered because he "did not seek medical attention and was able to wipe away the scratches

2                                                                     24-5582

with alcohol." But VAWA cancellation does not require a "heightened level of violence" or injuries that need "professional medical treatment." *Id.* at 1216-17 (cleaned up). Rather, "any act of physical abuse" by the spouse suffices. *Hernandez v. Ashcroft*, 345 F.3d 824, 840 (9th Cir. 2003). Under any standard of review,[1] we conclude that the undisputed facts establish that Galvan was battered for purposes of VAWA cancellation.[2] We therefore grant the petition for review as to the agency's denial of VAWA cancellation and remand for the agency to consider whether Galvan otherwise qualifies for relief under 8 U.S.C. § 1229b(b)(2).

2.    Galvan also argues that the agency erred by denying cancellation of removal under 8 U.S.C. § 1229b(b)(1) based on his claim that his citizen children will suffer exceptional and extremely unusual hardship upon his removal because his "abusive spouse will not allow the children to visit him in Mexico." We apply "a deferential standard of review to the primarily factual mixed question at hand . . . by reviewing for substantial evidence." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

---

[1]    The government asks us to review for substantial evidence, and Galvan asks us to review for abuse of discretion. We need not resolve this disagreement here because, under any standard of review, we reject the agency's determination.

[2]    We need not consider whether Galvan also was subjected to extreme cruelty, because eligibility for VAWA cancellation can be premised on either battery or extreme cruelty. 8 U.S.C. § 1229b(b)(2)(A); *Lopez-Birrueta*, 633 F.3d at 1218.

The IJ noted that Galvan's children were "in good health," "getting good grades," and financially stable. *See Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008). In these circumstances, the agency reasonably concluded that the children would not "suffer hardship substantially beyond that which would ordinarily be expected to result from" deportation of a parent. *Chete Juarez v. Ashcroft*, 376 F.3d 944, 949 n.3 (9th Cir. 2004) (cleaned up). Emotional suffering caused by family separation is one of the "sadly common hardships that can result" when a non-citizen parent is removed and does not alone compel a finding of exceptional and extremely unusual hardship. *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005).

3.     Finally, Galvan argues that the IJ denied him due process by "interrupting his attorney, limiting testimony, and forcing [him] to rest on written submissions without presentation of additional testimony." "We review claims of due process violations in removal proceedings *de novo*." *Salvador-Calleros v. Ashcroft*, 389 F.3d 959, 963 (9th Cir. 2004).

"If an IJ's actions prevent the introduction of significant testimony, that generally violates due process." *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021) (cleaned up). But the record "must contain a sufficient indication of the content of excluded evidence to allow us to review the exclusion for fundamental fairness." *Ladha v. INS*, 215 F.3d 889, 905 (9th Cir. 2000), *overruled in part on*

*other grounds by Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

Here, as the BIA noted, Galvan "has not specified which testimony he would have presented that was not otherwise submitted in the record," nor has he established "how such testimony would have established his eligibility for his applications for relief." We therefore find no due process violation.[3]

**PETITION FOR REVIEW GRANTED in part and DENIED in part; case REMANDED.**

---

[3]    Because we grant the petition for review as to VAWA cancellation, we need not consider Galvan's argument that the IJ's failure to "articulate or define the standards for battery and extreme cruelty" denied him due process.